UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| DAVID PAUL TIMMONS,<br><br>Petitioner,<br><br>vs.<br><br>ALEJANDRO REYES, Warden, Mike Durfee State Prison,<br><br>Respondent. | 3:24-CV-03017-RAL<br><br>ORDER DIRECTING SERVICE AND REQUIRING RESPONSE, GRANTING MOTION TO EXCEED PAGE LIMITATION, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Petitioner David Paul Timmons filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Timmons has paid the $5.00 filing fee, and this Court now conducts a screening in accordance with Rule 4(b) of the Rules Governing § 2254 Cases.

I.  **Rule 4(b) Screening**

Timmons raises numerous claims of ineffective assistance of counsel. Doc. 2 at 5–6. Timmons also reasserts claims he raised in his direct appeal and state habeas proceeding: the trial court should have entered a judgment of acquittal because of insufficient evidence and should have ordered a new trial based on a letter a prosecution witness submitted as part of the presentence investigation report. Id. at 5. This Court is to dismiss a motion under § 2254 if it "plainly appears . . . that the petitioner is not entitled to relief[.]" Rule 4(b), Rules Governing § 2254 Cases. This Court cannot determine with confidence that it "plainly appears" that Timmons is not entitled to any relief, although ultimately that may be the case.

## II.     Motion to Exceed Page Limitation

Timmons moves for leave to submit a brief not to exceed 52 pages in support of his petition. Doc. 3. The District of South Dakota's local rules provide that "[b]riefs must not exceed 30 pages . . . unless prior approval has been obtained from the court." D.S.D. Civ. LR 7.1.B. Timmons contends that because his petition raises numerous grounds for relief, it is necessary to submit a brief exceeding 30 pages to address each ground. Good cause appearing, Timmons' motion to exceed page limitation, Doc. 3, is granted. Timmons may submit a brief not to exceed 52 pages in support of his petition.

## III.    Motion for Appointment of Counsel

Timmons moves for appointment of counsel. Doc. 4. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id. The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B). That statute provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . . of title 28." The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citation omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.

At this stage of the proceedings, the interests of justice do not require appointment of counsel. Timmons' petition and supporting brief demonstrate that he is capable of presenting and articulating his claims to this Court. See Docs. 1, 2. Because this Court has ordered a response to Timmons'

2

petition, this Court will have access to Timmons' complete state court record, and the Court does not require the assistance of counsel to review that record. Claims of ineffective assistance of counsel do not present difficult questions of law that are unfamiliar to this Court. Timmons' other claims mirror the claims he raised in his direct appeal and state habeas proceedings, in which he was represented by counsel. If the Court determines that an evidentiary hearing is necessary, the Court will appoint counsel for Timmons at that time. Thus, Timmons' motion for appointment of counsel, Doc. 4, is denied.

### IV. Conclusion

Accordingly, it is

ORDERED that the Clerk of Court serve a copy of all pleadings of record and this Order on Respondent Reyes and the Attorney General of the State of South Dakota. It is further

ORDERED that Respondent Reyes file an answer, and if he so chooses, a motion to dismiss and memorandum, within thirty days of service of the pleadings. It is further

ORDERED that Timmons' motion to exceed page limitation, Doc. 3, is granted. It is finally

ORDERED that Timmons' motion for appointment of counsel, Doc. 4, is denied.

DATED this 16th day of August, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE